GARY T. WIGHT, Bar # 10994
KIPP AND CHRISTIAN, P.C.
10 Exchange Place, Fourth Floor
Salt Lake City, UT  84111
Telephone:  801.521.3773
Facsimile:  801.359.9004
Email:  gwight@kippandchristian.com

*Attorney for Defendant FedEx Ground Package System, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KRISTEN MANNING, | Civil Action No. 2:18-cv-00758-PMW |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| FEDEX GROUND PACKAGE SYSTEM, INC., and MICHAEL HERMAN BAER, | |
| Defendant. | |

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant FedEx Ground Package System, Inc. ("FXG") hereby removes the case captioned *Kristen Manning v. FedEx Ground Package System, Inc. and Michael Herman Baer* from the Third Judicial District Court for Salt Lake County, Utah (state court case number 180902894) to the United States District Court for the District of Utah on the grounds that diversity jurisdiction exists under 28 U.S.C. § 1332(a).  In support of removal under 28 U.S.C. § 1441(b), FXG states as follows:

## BACKGROUND

1. On May 1, 2018, Plaintiff Kristen Manning ("Plaintiff") filed a Complaint in the Third Judicial District Court for Salt Lake County, Utah (state court case number 180902894) against FXG, Michael Herman Baer ("Baer"), and FedEx Corporation. (*See* Compl., attached hereto as Exhibit 1.)  The initial Complaint was never served on the parties.

2. On August 23, 2018, Plaintiff filed an Amended Complaint in the Third Judicial District Court for Salt Lake County, Utah (state court case number 180902894) against FXG and Baer. (*See* Am. Compl., attached hereto as Exhibit 2.)  The Amended Complaint was served on FXG on August 24, 2018. (*See* Service of Process Transmittal, attached hereto as Exhibit 3.)

3. Plaintiff has not served the Amended Complaint on Baer. (*See* Bonavita Aff., attached hereto as Exhibit 4.)  Accordingly, Plaintiff has failed to serve Baer within the timeframe required under the Utah Rules of Civil Procedure.  *See* Utah R. Civ. P. 4(b) ("Unless the summons and complaint are accepted, a copy of the summons and complaint in an action commenced under Rule 3(a)(1) must be served no later than 120 days after the complaint is filed . . .").

4. In the Amended Complaint, Plaintiff asserts Negligent Entrustment, Negligent Hiring, Negligent Training, Negligent Supervision, and Respondeat Superior claims against FXG related to a motor vehicle collision that occurred approximately 6.5 miles east of Wellington, Utah.  (*See, e.g.*, Am. Compl. ¶¶ 9-24.)

**GROUNDS FOR REMOVAL**

**I.    REMOVAL IS TIMELY**

5.    Removal of this action is timely under 28 U.S.C. § 1446(b).  The removal statute requires a notice of removal to be filed within 30 days after receipt by Defendant, "through service or otherwise" of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1).  A defendant's time to remove is triggered when the summons and complaint is served, "but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

6.    Plaintiff did not serve a copy of the initial Complaint to FXG.  The Amended Complaint was served on FXG on August 24, 2018.  (*See* Ex. 3.)  Therefore, this notice was filed within 30 days after service, and removal is timely.

**II.   DIVERSITY OF CITIZENSHIP EXISTS**

7.    There is complete diversity of citizenship among the opposing parties.

8.    A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions such.  *See id.*

9.    Plaintiff Kristen Manning is a citizen of Ohio.  (*See* Am. Compl. ¶ 1.)

10.   Defendant FXG is a Delaware corporation with its principal place of business in Pennsylvania.  (*See* Am. Compl. ¶ 2.)

11. According to Plaintiff, Baer is a citizen of Utah. (*See* Am. Compl. ¶¶ 3, 5.) As of the date of this notice, Baer has not been served with the initial Complaint or the Amended Complaint.

12. Because Plaintiff, FXG, and Baer are citizens of different states, complete diversity exists. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1).

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

13. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

14. Plaintiff alleges that as a result of the Defendants' alleged acts, she suffered "severe bodily injuries which required her to incur past and future medical expenses in an amount to be proven at trial." (Am. Compl. ¶ 57.) Plaintiff also alleges that she "suffered from and continues to suffer from pain and anguish" and seeks "pain and suffering in an amount to be proven at trial." (*Id.* ¶ 59.)

15. Prior to the filing of this notice, Plaintiff provided FXG with at least some of Plaintiff's medical records and bills. Those documents and communications between counsel demonstrate that the amount in controversy exceeds the amount required to establish diversity jurisdiction. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (noting that a removing defendant claiming diversity in the face of a silent complaint may establish diversity "by reference to the plaintiff's informal estimates or settlement demands," among other things.).

16. In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV. THE "FORUM DEFENDANT RULE" DOES NOT BAR REMOVAL IN THIS CASE

17. Under 28 U.S.C. § 1441(b)(2), an action where diversity jurisdiction otherwise exists "may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." (Emphasis added).

18. Although Baer has been named as a defendant and appears to be a citizen of Utah, Baer has not been served process. (*See* Ex. 4.) Furthermore, since Plaintiff filed the state court action on May 1, 2018, Plaintiff's time for serving process on Baer has expired. *See* Utah R. Civ. P. 4(b) (requiring service "no later than 120 days after the complaint is filed."). Given these circumstances, Baer has not been properly joined and served as a defendant in the state court action.

19. Since Baer has not yet been properly joined and served as a defendant, this case is removable. *See, e.g.*, *Magallan v. Zurich Am. Ins. Co.*, 228 F. Supp. 3d 1257, 1262 (N.D. Okla. 2017) (denying motion to remand where the non-forum defendant removed case and the in-forum defendant had not been served at time of removal); *Howard v. Crossland Constr. Co.*, 17-CV-480-TCK-FHM, 2018 WL 2463099, at * 2 (N.D. Okla. Jun. 1, 2018) (unpublished) (same); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010) (same); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (noting that where there is diversity, "the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3723 at (4th ed. 2018) (noting that the language of 28 U.S.C. § 1441(b)(2) "implies

5

that a diverse but resident defendant who has not been served may be ignored in determining removability.").

## VENUE

20. Venue is proper in the United States District Court for the District of Utah because it is the district and division embracing Salt Lake County, Utah, where the state court action is pending. *See* 28 U.S.C. § 1391, 1441(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

21. As required by 28 U.S.C. § 1446(a), copies of service of process, pleadings, and orders filed in the state court action are being provided along with this Notice of Removal.

## NOTICE OF REMOVAL

22. Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the state court action. A copy of the Notice of Filing of Notice of Removal, filed contemporaneously in the state court action, is attached as Exhibit 5.

## NO WAIVER

23. No waiver and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved. Furthermore, to the extent the Court has any questions regarding the issue of diversity of citizenship between the parties or the amount in controversy, FXG reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

## CONCLUSION

For the reasons set forth above, FXG removes the state court action in the Third Judicial District Court for Salt Lake County, Utah to the United States District Court for the District of Utah.  Plaintiff and FXG previously agreed that FXG would answer or otherwise respond to the Amended Complaint by September 28, 2018.  In accordance with that agreement, FXG will file its answer or other response to the Amended Complaint by September 28, 2018 in this Court.

DATED:  September 25, 2018

By: _____

GARY T. WIGHT, Bar # 10994
KIPP AND CHRISTIAN, P.C.
10 Exchange Place, Fourth Floor
Salt Lake City, UT  84111
Telephone:  801.521.3773
Facsimile:  801.359.9004
Email:   gwight@kippandchristian.com

Attorney for Defendant FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September 25, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served a copy on the following via the manner indicated below:

| | |
|---|---|
| Nathan Langston | (  ) First Class Mail |
| MCMULLIN LEGAL GROUP, PLLC | (  ) Hand Delivery |
| 301 N. 200 E., Suite 3C | (X) E-filed |
| St. George, UT  84770 | (  ) Email (person agreed to service by email) |
| Telephone: 435.673.9990 | (  ) Left at business (with person in charge or |
| Facsimile: 435.673.9989 |     in receptacle for deliveries) |
| Email:  nate@stglegal.com | (  ) Left at home (with person of suitable age |
| |     and discretion residing there) |
| *Attorney for Plaintiff* | (  ) Facsimile |
| | |
| Richard O. Mazanec | (  ) First Class Mail |
| RICHARD O. MAZANEC CO., LPA | (  ) Hand Delivery |
| 1422 Euclid Ave., Suite 500 | (X) E-filed |
| Cleveland, OH  44115 | (  ) Email (person agreed to service by email) |
| Telephone:  216.522.1100 | (  ) Left at business (with person in charge or |
| |     in receptacle for deliveries) |
| *Attorney for Plaintiff* | (  ) Left at home (with person of suitable age |
| |     and discretion residing there) |
| | (  ) Facsimile |

*s/ Jimmy Hunter*
Jimmy Hunter
*Legal Assistant to Gary T. Wight*