**EXHIBIT 1**

Nathan V. Langston (13785)
**DRIGGS, BILLS & DAY, P.C.**
331 South 600 East
Salt Lake City, UT 84102
Telephone: (801) 363-9982
Facsimile: (801) 931-2552
nlangston@lawdbd.com

Richard O. Mazanec (Utah *Pro Hac Vice* forthcoming)
Ohio  Bar No. 0007741
**RICHARD O. MAZANEC CO., LPA**
1422 Euclid Ave., Suite 500
Cleveland, Ohio 44115
(216) 522-1100

**Attorneys for Plaintiff**

---

IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| KRISTEN MANNING,<br><br>         Plaintiff,<br>   v.<br><br>FEDEX CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., and MICHAEL HERMAN BAER,<br><br>         Defendants. | **COMPLAINT – TIER III**<br><br>Civil No.<br><br>Judge |

**COMES NOW** Plaintiff Kristen Manning and complains of Defendants FedEx Corporation, FedEx Ground Package System, Inc., and Michael Herman Baer as follows:

**PARTIES**

1. Plaintiff Kristen Manning (hereinafter "Kristen" or "Plaintiff") is a resident of

Medina County, State of Ohio.

2. Plaintiff is informed and believes Defendant FedEx Corporation (hereinafter "FedEx," FedEx Corp." or collectively with other defendants as "Defendants") is a Delaware Corporation with its principle place of business in Memphis, Tennessee.

3. Plaintiff is informed and believes Defendant FedEx Ground Package System, Inc. (hereinafter "FedEx Ground" or collectively with other defendants as "Defendants") is a Delaware Corporation with its principle place of business in Allegheny County, Pennsylvania.

4. Plaintiff is informed and believes Defendant Michael Herman Baer (hereinafter "Baer" or collectively with other defendants as "Defendants") is a resident of Salt Lake County, State of Utah.

## VENUE AND JURISDICTION

5. The injuries giving rise to this Complaint occurred in Carbon County, State of Utah.

6. Defendant Baer is a resident of Salt Lake County and thus venue is appropriate in the above entitled court pursuant to Utah Code Ann. §78B-3-307 (1953 as amended).

7. This action is of a civil nature that occurred in Utah and jurisdiction is conferred pursuant to Utah Code Ann. §78A-5-102, (1953 as amended).

## TIER ELECTION

8. Pursuant to Rule 26(c) of the Utah Rules of Civil Procedure, this case qualifies for a Tier III election.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference the allegations contained in paragraphs 1-8 above.

10. This action arose as a consequence of a motor vehicle collision on SR 6 approximately 6.5 miles east of Wellington, Utah.

11. At that date and time Baer was traveling east on SR 6 driving a 2014 Cascadia Evolution tractor pulling two enclosed box trailers.

12. Baer was approaching stopped traffic in a construction zone traveling too fast for the existing conditions.

13. State Road 6 is exceedingly straight for approximately 4 miles prior to the location of the collision with no obstructions to Baer's view.

14. Prior to the collision, Baer passed six (6) orange "Road Work Ahead" warning signs.

15. Baer did not heed the warning signs.

16. Just prior to the collision, Baer realized that he could not stop in time to avoid rear-ending the stopped vehicle in front of him so he swerved into the westbound lane of travel.

17. Despite his last second efforts, Baer's tractor-trailer collided into the Volkswagen Jetta driven by Kristen.

18. The force of the collision accelerated Kristen's stopped Jetta forward and to the right, pushing it off the road and into an embankment.

19. As a result of the collision, Kristen suffered serious injuries.

20. Upon information and belief, Baer was driving within the course and scope of his employment/agency with FedEx Corp.

21. Upon information and belief, Baer was driving within the course and scope of his employment/agency with FedEx Ground.

22. Prior to the subject collision, Baer was involved in at least four (4) crashes that were his fault.

23. Prior to the subject collision, Baer received dozens of traffic tickets.

24. Upon information and belief, FedEx Corp. gave Baer permission to drive the 2014 Cascadia Evolution Tractor and double trailers that collided into Kristen's Jetta.

25. Upon information and belief, FedEx Corp. gave Baer permission to drive the 2014 Cascadia Evolution Tractor and double trailers that collided into Kristen's Jetta.

26. Upon information and belief, FedEx Corp. knew or should have known that Baer was a dangerous, reckless, careless, or otherwise incompetent driver.

27. Upon information and belief, FedEx Ground knew or should have known that Baer was a dangerous, reckless, careless, or otherwise incompetent driver.

28. Defendants FedEx Corp. and FedEx Ground are vicariously liable for the actions of their employee/agent, Baer.

**FIRST CAUSE OF ACTION**
(Negligence – Defendant Baer)

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1-28 above.

30. Baer owed a duty of reasonable care to Kristen.

31. Baer negligently and carelessly breached that duty of reasonable care in at least the following ways:

   a. He failed to stop prior to impacting the vehicle ahead of him;

   b. He failed to maintain a proper lookout for other motorists on the roadway, including Kristen;

   c. He failed to operate his vehicle in a safe and reasonable manner; and

   d. Other acts of negligence yet to be discovered.

32. Baer owed a duty of reasonable care to Kristen. Baer breached that duty of care in the manner previously mentioned. As a direct and proximate result of the negligence, recklessness, and carelessness of Baer, Kristen was injured both physically and emotionally in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Negligent Entrustment – Defendant FedEx Corp.)

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1-32 above.

34. Kristen claims that FedEx Corp. was negligent in allowing Baer to drive its vehicle in the following respects:

   a. FedEx Corp. is the owner of the 2014 Cascadia Evolution that was involved in the collision with Kristen;

   b. FedEx Corp. knowingly permitted Baer to drive its vehicle;

   c. At the time FedEx Corp. gave its permission to Baer to drive, it knew or should have known that Baer was a careless, reckless, and incompetent driver;

      d. Baer was negligent, careless, and reckless in driving the vehicle; and

      e. Baer's negligence caused the subject incident and injury to Kristen.

35. FedEx Corp. owed a duty of care to Kristen. FedEx Corp. breached that duty of care in the manner previously mentioned. As a direct and proximate result of the negligence, recklessness, and carelessness of FedEx Corp., Kristen was injured both physically and emotionally in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Negligent Entrustment – Defendant FedEx Ground)

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1-35 above.

37. Kristen claims that FedEx Ground was negligent in allowing Baer to drive its vehicle in the following respects:

      a. FedEx Ground is the owner of the 2014 Cascadia Evolution that was involved in the collision with Kristen;

      b. FedEx Ground knowingly permitted Baer to drive its vehicle;

      c. At the time FedEx Ground gave its permission to Baer to drive, it knew or should have known that Baer was a careless, reckless, and incompetent driver;

      d. Baer was negligent, careless, and reckless in driving the vehicle; and

      e. Baer's negligence caused the subject incident and injury to Kristen.

38. FedEx Ground owed a duty of care to Kristen. FedEx Ground breached that duty of care in the manner previously mentioned. As a direct and proximate result of the negligence,

recklessness, and carelessness of FedEx Ground, Kristen was injured both physically and emotionally in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**(Negligent Hiring – FedEx Corp.)**

39. Plaintiff realleges and incorporates herein by reference paragraphs 1-38 above.

40. FedEx Corp. had a duty to have adequate policies and procedures in place to ensure it hired trained, qualified, and competent drivers.

41. FedEx Corp. failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the hiring of drivers who were neither qualified nor competent to perform the duties of driving and maintaining a commercial vehicle.

42. FedEx. Corp. failed to properly review and screen information from Baer's driving history.

43. If a proper review and screening had been performed, Baer would not have been hired by FedEx Corp. due to his previous unsatisfactory driving history including many traffic crashes and citations.

44. FedEx Corp.'s negligence in hiring an unqualified and incompetent driver was a proximate cause of the injuries sustained by Kristen in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**(Negligent Hiring – FedEx Ground)**

45. Plaintiff realleges and incorporates herein by reference paragraphs 1-44 above.

46. FedEx Ground had a duty to have adequate policies and procedures in place to ensure it hired trained, qualified, and competent drivers.

47. FedEx Ground failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the hiring of drivers who were neither qualified nor competent to perform the duties of driving and maintaining a commercial vehicle.

48. FedEx. Ground failed to properly review and screen information from Baer's driving history.

49. If a proper review and screening had been performed, Baer would not have been hired by FedEx Ground due to his previous unsatisfactory driving history including many traffic crashes and citations.

50. FedEx Ground's negligence in hiring an unqualified and incompetent driver was a proximate cause of the injuries sustained by Kristen in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### (Negligent Training – FedEx Corp.)

51. Plaintiff realleges and incorporates herein by reference paragraphs 1-50 above.

52. FedEx Corp. had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently trained its drivers.

53. FedEx Corp. failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate training of drivers who were not qualified and competent to perform the duties of driving and maintaining a commercial vehicle.

54. Specifically, the facts of this incident, as described above, demonstrate that Baer was not trained in how to keep a proper lookout for dangers on the roadway, how to heed

warning signs, how to properly maintain control of his tractor-trailer, how to keep a proper distance, avoidance maneuvering, and other basic professional driving techniques that would have prevented this tragedy.

55. Baer's previous driving history indicates that Baer needed additional training during his employment with FedEx Corp. and that he was a danger to the community as a professional tractor-trailer driver.

56. However, upon information and belief, FedEx Corp. required no additional training of Baer before placing him on Utah roads.

57. FedEx Corp.'s negligence in failing to properly train personnel was a proximate cause of the injuries sustained by Kristen in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**(Negligent Training – FedEx Ground)**

58. Plaintiff realleges and incorporates herein by reference paragraphs 1-57 above.

59. FedEx Ground had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently trained its drivers.

60. FedEx Ground failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate training of drivers who were not qualified and competent to perform the duties of driving and maintaining a commercial vehicle.

61. Specifically, the facts of this incident, as described above, demonstrate that Baer was not trained in how to keep a proper lookout for dangers on the roadway, how to heed warning signs, how to properly maintain control of his tractor-trailer, how to keep a proper

distance, avoidance maneuvering, and other basic professional driving techniques that would have prevented this tragedy.

62. Baer's previous driving history indicates that Baer needed additional training during his employment with FedEx Ground and that he was a danger to the community as a professional tractor-trailer driver.

63. However, upon information and belief, FedEx Ground required no additional training of Baer before placing him on Utah roads.

64. FedEx Ground's negligence in failing to properly train personnel was a proximate cause of the injuries sustained by Kristen in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
### (Negligent Supervision – FedEx Corp.)

65. Plaintiff realleges and incorporates herein by reference paragraphs 1-64 above.

66. FedEx Corp. had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently supervised qualified and competent drivers.

67. FedEx Corp. failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate supervision of its drivers.

68. Despite Baer's driving history and lack of training by FedEx Corp., Baer was kept on as a driver for FedEx Corp. without adequate supervision.

69. The failure of FedEx Corp. to supervise Baer is negligence.

70. FedEx Corp.'s negligence in failing to properly supervise Baer was a proximate cause of the injuries sustained by Kristen in an amount to be proven at trial.

## NINTH CAUSE OF ACTION
### (Negligent Supervision – FedEx Ground)

71. Plaintiff realleges and incorporates herein by reference paragraphs 1-70 above.

72. FedEx Ground had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently supervised qualified and competent drivers.

73. FedEx Ground failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate supervision of its drivers.

74. Despite Baer's driving history and lack of training by FedEx Ground, Baer was kept on as a driver for FedEx Ground without adequate supervision.

75. The failure of FedEx Ground to supervise Baer is negligence.

76. FedEx Ground's negligence in failing to properly supervise Baer was a proximate cause of the injuries sustained by Kristen in an amount to be proven at trial.

## TENTH CAUSE OF ACTION
### (Respondeat Superior – FedEx Corp.)

77. Plaintiff realleges and incorporates herein by reference paragraphs 1-76 above.

78. FedEx Corp. is vicariously liable for the negligent actions of its employee/agent, Baer.

79. Baer was an employee/agent of FedEx Corp. at the time of the subject incident and was acting within the course and scope of the employment/agency relationship.

80. Baer negligently and carelessly breached that duty of reasonable care in at least the following ways:

      a.  He failed to stop prior to impacting the vehicle ahead of him;

      b.  He failed to maintain a proper lookout for other motorists on the roadway, including Kristen;

      c.  He failed to operate his vehicle in a safe and reasonable manner; and

      d.  Other acts of negligence yet to be discovered.

81.    As a direct and proximate result of the vicarious liability of FedEx Corp., Kristen was injured both physically and emotionally in an amount to be proven at trial.

### ELEVENTH CAUSE OF ACTION
### (Respondeat Superior – FedEx Ground)

82.    Plaintiff realleges and incorporates herein by reference paragraphs 1-81 above.

83.    FedEx Ground is vicariously liable for the negligent actions of its employee/agent, Baer.

84.    Baer was an employee/agent of FedEx Ground at the time of the subject incident and was acting within the course and scope of the employment/agency relationship.

85.    Baer negligently and carelessly breached that duty of reasonable care in at least the following ways:

      a.  He failed to stop prior to impacting the vehicle ahead of him;

      b.  He failed to maintain a proper lookout for other motorists on the roadway, including Kristen;

      c.  He failed to operate his vehicle in a safe and reasonable manner; and

      d.  Other acts of negligence yet to be discovered.

86. As a direct and proximate result of the vicarious liability of FedEx Ground, Kristen was injured both physically and emotionally in an amount to be proven at trial.

## DAMAGES

87. Plaintiff incorporates by reference the allegations contained in paragraphs 1-86 above.

88. As a direct and proximate result of Defendants' wrongful acts, omissions, vicarious liability, negligence and recklessness, Kristen suffered severe bodily injuries which required her to incur past and future medical expenses in an amount to be proven at trial.

89. As a direct and proximate result of Defendants' wrongful acts, omissions, vicarious liability, negligence and recklessness, Kristen suffered lost wages in an amount to be proven at trial.

90. As a direct and proximate result of Defendants' wrongful acts, omissions, vicarious liability, negligence and recklessness, Kristen suffered from and continues to suffer from pain and anguish she is alleging in a claim for general damages for pain and suffering in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. For past and future general damages including pain and suffering in an amount to be proven at trial;

B. For past and future special damages in an amount to be proven at trial;

C. For pre and post judgment interest as allowed by law;

D.     For costs of suit herein; and

E.     For such further relief as the court deems just and proper.

DATED this 1st day of May, 2018.

                                                  DRIGGS, BILLS, & DAY

                                                 */s/ Nathan Langston*

                                                 Nathan Langston

**PLAINTIFF'S ADDRESS:**

c/o RICHARD O. MAZANEC CO., LPA
1422 Euclid Ave., Suite 500
Cleveland, Ohio 44115
(216) 522-1100